IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK AESCHT and ) 
ANA BARRIENTOS, on behalf of )
themselves and others similarly situated, )
                      )
       Plaintiffs, )
                      )
v. )      Civil Action No.:
                      )
ARBOR CONTRACT CARPET, INC., )
                      )
       Defendant. )
_____ )

## COMPLAINT

COME NOW the Plaintiffs,  MARK AESCHT and ANA BARRIENTOS (collectively "PLAINTIFFS") and file this Complaint against Defendant, ARBOR CONTRACT CARPET, INC. ("DEFENDANT") respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1.  This is a cause of action to recover compensatory damages, penalties, attorney fees, and other relief from DEFENDANT for violations of the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") and Employee Retirement Income Security Act (ERISA) and for negligence.

2.  At all material times, PLAINTIFFS were citizens and residents of Florida.

3.  At all material times, DEFENDANT was a Texas corporation that operated a carpet installation business in Hillsborough County, Florida, which is where PLAINTIFFS were employed at all relevant times.

## BACKGROUND

4.  PLAINTIFFS brings this action to require DEFENDANT to pay penalties and damages to them which are owed pursuant to COBRA and ERISA.

5.  At all relevant times, DEFENDANT was an employer under Department of Labor guidelines and employed 20 or more employees during at least 50 percent of the prior calendar year and DEFENDANT at all relevant times offered group health insurance coverage to its employees.

6.  A qualified beneficiary is typically an employee who is covered by a group health plan, the employee's spouse and all dependent children.

7.  PLAINTIFF AESCHT, along with his spouse, was covered under DEFENDANT'S group health plan while employed by DEFENDANT.

8.  PLAINTIFF BARRIENTOS, along with five dependents, was covered under DEFENDANT'S group health plan while employed by DEFENDANT.

9.  The law requires that after an employer such as DEFENDANT is informed that a COBRA qualifying event has occurred, the employer must provide a specific COBRA notice to the employee and/or dependents losing coverage within 44 days of notification of the qualifying event advising the employee of his or her right to continuation of insurance coverage. The "continuation coverage" requirement forces employers to offer insurance continuation to anyone who would otherwise lose coverage due to a qualifying event.

10. On or about February 15, 2022, PLAINTIFFS resigned from their employment with DEFENDANT and this resignation was a COBRA qualifying event.

11. DEFENDANT failed to provide timely notice of PLAINTIFFS' COBRA rights and instead, did not forward them notice until a letter dated May 24, 2022.

2

12.    Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 1132.

13.    PLAINTIFFS are therefore owed a penalty to DEFENDANT of up to $110 per day per participant plus compensation for any medical expenses that should have been covered.

14.    All conditions precedent to this action have occurred or been waived.

15.    At all material times, DEFENDANT acted through its agents, servants and employees.

<u>COUNT I</u>
<u>VIOLATION OF ERISA-FAILURE TO PROVIDE COBRA NOTICE</u>

16.    The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

17.    DEFENDANT violated its obligation to provide notice to PLAINTIFFS of their right to continuing insurance coverage by not providing the notice until after the legally required deadline.  In that regard, PLAINTIFFS retained counsel and it was only after their attorney contacted DEFENDANT that they finally received COBRA paperwork.

18.    As a result of that breach, DEFENDANT is liable to PLAINTIFFS for penalties of $110 per day per participant plus attorney's fees and costs of litigation.

WHEREFORE, Plaintiffs demands judgment against Defendant and respectfully request this Court to order that judgment be entered against the Defendant; that penalties be assessed against Defendant to the maximum extent permitted by law from the date by which COBRA notice should have been provided; that pursuant to 29 U.S.C. §1132(g), Defendant be required to pay Plaintiffs' reasonable attorney's fees along with the costs of this action; that Defendant be enjoined from further breaches as described herein; and for such other additional, equitable, and monetary relief as this Court deems appropriate.

## COUNT II
## NEGLIGENCE

19.    The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

20.    DEFENDANT had a duty to PLAINTIFFS to provide them with notice of COBRA coverage upon separation.

21.    On or about May 2, 2022, PLAINTIFF AESCHT learned for the first time that his insurance was canceled when his wife went to fill her prescriptions.

22.    PLAINTIFF AESCHT could not afford to pay for his and his wife's prescriptions without insurance since they cost nearly $10,000.

23.    PLAINTIFF BARRIENTOS learned she was without insurance coverage when her primary care physician told her in April 2022.

24.    As the actual and proximate result of DEFENDANT'S failure to timely provide PLAINTIFFS with notice of their rights to continuing insurance coverage, PLAINTIFFS have suffered medical bills, physical pain and suffering and mental anguish and embarrassment.

WHEREFORE, PLAINTIFFS demand judgment against DEFENDANT and respectfully pray the Court that PLAINTIFFS will recover nominal relief, pre- and post-judgment interest, compensatory damages, damages for pain and suffering and mental anguish and embarrassment,

and other relief by reason of DEFENDANT'S negligence; for a trial by jury on all issues so triable

and, for such other and further relief as the Court may deem just and proper.

Dated:  June 17, 2022

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**

**/s/ Matthew W. Birk**

**Matthew W. Birk**
Florida Bar No.:  92265
309 NE 1st Street
Gainesville, FL  32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvillleemploymentlaw.com
ATTORNEYS FOR PLAINTIFFS